United States District Court

of

Massachusetts

Plaintiff: Jaime Degron Jr. (Pro se)

v.

Defendants: Springfield Police officers
Sgt. Tardiff, Petric, Dowd, grande, Bigda,
Hackett, wadlegger, Solar, Joselito Lozada,
District Attorney William Bennett

Civil Action No.
04-30228-MAP

## Complaint

1) Plaintiff <u>Jaime Degron Jr.</u> is a resident of Springfield Massachusetts and a citizen of the United States.

2) The defendant Police <u>Sgt Tardiff</u> is an officer of the Springfield Police Dept. and is a citizen of the United States.

3) The defendant <u>Officer Petric</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

4) The defendant <u>Officer Dowd</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

5) The defendant <u>Officer Bigda</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

6) The defendant <u>Officer Grande</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

7) The defendant <u>Officer Hackett</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

8) The defendant <u>Officer Wadlegger</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

9) The defendant <u>Officer Solar</u> is an officer of the Springfield Police Dept. and a citizen of the United States.

10) The defendant officer Joselito Lozada is an officer of the Springfield Police Dept. and a citizen of the United States.

11) The defendant William Bennett is District attorney for Hampden county and is a citizen of the United States.

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 USC § 2254.

## Facts

12) Plaintiff is being charged with a drug crime that plaintiff was not aware of or not involved in.

13) On 9-11-03 police obtained a search warrant for plaintiff's ex-wife Apartment.
Police executed that search warrant on 9-11-03, Plaintiff's ex-wife and girlfriend were caught with drugs and gun upon police entering said Apartment.

14) Plaintiff was nowhere near said apartment due to an active restraining order that housing Authority and plaintiff's ex-wife had lodge against plaintiff. Plaintiff's ex-wife told police that the drugs and gun that was recovered in said Apartment belonged to plaintiff.

15) Police dropped the charges against the people who were in actual possession of said drugs and gun in exchange for them to testify against plaintiff claiming that drugs and gun belonged to plaintiff.
It is extremely ambiguous how this can happen.

16) Plaintiff's ex-wife statement is the only reason that police put out a warrant for plaintiff's arrest. Plaintiff's ex-wife has a prior criminal history and is a drug user.

17) Plaintiff does not reside at said address where warrant was executed. Plaintiff was not allowed at said residence due to an active restraining order against Plaintiff.

18) Plaintiff heard about him being wanted by police regarding this matter. Plaintiff turned himself in to the court. Plaintiff had no knowledge of why he was wanted by the police and turned himself in to rectify the matter.

19) Court officer's took plaintiff into custody, never advising plaintiff of his miranda warning rights. Plaintiff was never allowed to use telephone as afforded by the state constitution.

20) Police falsified reports in regard to plaintiff being arrested. Police report indicates that plaintiff was arrested on date warrant was executed; which is false. Plaintiff turned himself in on 9-16-03.

21) Police found items in dwelling that belonged to plaintiff. However, plaintiff did not reside at or visit said dwelling for months due to active restraining order against plaintiff.

22) Plaintiff's due process rights were violated by district Attorney William Bennett in regard to allowing his assistant to disclose plaintiff's prior criminal history to the grand jury for indictment purposes.

23) This practice is a violation of law and a violation of plaintiff's constitutional rights.

Plaintiff suffers from depression, anxiety, duress, stress, mental anguish and other side effects due to false arrest and wrongful incarceration.

Plaintiff demands judgement against defendant for $5,000,000 dollars of US currency.

Plaintiff humbely request that he be released from county or state custody if it is determined that Plaintiff is being wrongfully and maliciously prosecuted.

Plaintiff demands trial by Judge, and any other relief this court deems just.

Jaime Negron Jr (Pro Se)

Jaime Negron Jr. (Pro Se)

629 Randall Rd
Ludlow, mass   01056