

# United States District Court
# District of Massachusetts

| | |
|---|---|
| JAMIE NEGRON, JR.,<br>    PLAINTIFF,<br><br>v.<br><br>SPRINGFIELD POLICE OFFICERS, SGT. TARDIFF, OFFICER PETRIE, OFFICER DOWD, OFFICER GRANDE, OFFICER BIGDA, OFFICER HACKETT, OFFICER WADLEGGER, OFFICER SOLAR, JOSELITA LOZADA, DISTRICT ATTORNEY WILLIAM BENNETT,<br>    DEFENDANTS. | CIVIL ACTION NO. 04-30228-MAP<br><br> |

**ANSWER OF DEFENDANTS SPRINGFIELD POLICE OFFICERS, SGT. TARDIFF, OFFICER PETRIE, OFFICER DOWD, OFFICER GRANDE, OFFICER BIGDA, OFFICER HACKETT, OFFICER WADLEGGER, OFFICER SOLAR, JOSELITA LOZADA**

Now come the Defendants, **SPRINGFIELD POLICE OFFICERS, SGT. TARDIFF, OFFICER PETRIE, OFFICER DOWD, OFFICER GRANDE, OFFICER BIGDA, OFFICER HACKETT, OFFICER WADLEGGER, OFFICER SOLAR, JOSELITA LOZADA**, by their attorney, and answer each and every allegation contained in the Plaintiff's Complaint as follows:

1. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 1 of the complaint.

2. The Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. The Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the Complaint.

46757

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. The Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The Defendants admit the allegations contained in paragraph 10 of the Complaint.

## JURISDICTION

11. The Defendants deny the allegations contained in paragraph 11 of the Complaint pertaining to jurisdiction.

## FACTS

12. The Defendants admit that plaintiff is charged with a drug crime but denies the balance of the allegations contained in paragraph 12 of the Complaint.

13. The Defendants admit the police executed a search warrant on 9-11-03 at an apartment connected to plaintiff; that guns and drugs were found in the person of known associates of plaintiff, but have lack sufficient knowledge to either admit or deny the balance of the allegations contained in paragraph 13 of the complaint.

14. The Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 14 of the Complaint.

15. The Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 15 of the Complaint..

16. The Defendants lack sufficient knowledge to either admit or deny the allegations that refer to plaintiff's ex-wife's criminal history or drug use, and deny the balance of the allegations contained in paragraph 16 of the Complaint

17. Defendants lack sufficient knowledge to either admit or deny the allegations

46757

contained in paragraph 17 of the Complaint.

18. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 19 of the Complaint.

20. The Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. The Defendants admit finding plaintiff's possessions in the apartment but deny the balance of the allegations contained in paragraph 21 of the Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. The Defendants deny the allegations contained in paragraph 23 of the Complaint.

WHEREFORE, Defendants respectfully requests denial of the relief sought by Plaintiff, dismissal of the Complaint, an award of fees and expenses in their favor, and such other and further relief as this Court deems proper.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

### AFFIRMATIVE DEFENSES

*FIRST DEFENSE*

The Court lacks jurisdiction over the subject matter of the Complaint.

*SECOND DEFENSE*

The Plaintiff failed to comply with the statutory requirements of M.G.L. chapter 258.

*THIRD DEFENSE*

The Complaint fails to state a claim upon which relief requested can be granted.

*FOURTH DEFENSE*

46757

The Defendants, reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

## FIFTH DEFENSE

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

## SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the Defendants as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

## EIGHTH DEFENSE

Claims against the Defendants are barred as the actions were reasonable and without malice.

## NINTH DEFENSE

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

46757

*TENTH DEFENSE*

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

*ELEVENTH DEFENSE*

The Plaintiff is collaterally estopped from recovery.

*TWELFTH DEFENSE*

The Plaintiff is barred from recovery by *res judicata*.

*THIRTEENTH DEFENSE*

Based on information and belief, the Defendant officer's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

*FOURTEENTH DEFENSE*

The Defendants are immune from liability

*FIFTEENTH DEFENSE*

The complaint fails to state a claim upon which relief can be granted against the Defendants as liability cannot be imposed under 42 U.S.C. §1983 solely on the grounds of respondeat superior.

*SIXTEENTH DEFENSE*

On information and belief, the actions of the defendant officer were within the realm of reasonable responses to the circumstances with which were confronted.

*SEVENTEENTH DEFENSE*

The application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted since it appears that (A) the applicant

46757

has failed to exhaust the remedies available in the courts of the State; or (B)(i) there is no absence of available State corrective process; or (ii) circumstances do not exist that render such process ineffective to protect the rights of the applicant, the claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

### *EIGHTEENTH DEFENSE*

Under the Habeas Corpus statute any determination of a factual issue made by a State court shall be presumed to be correct.

### *NINETEENTH DEFENSE*

The plaintiff has not met the burden of rebutting the presumption of correctness by clear and convincing evidence.

### *TWENTIETH DEFENSE*

The plaintiff has failed to develop the factual basis of a claim in State court proceedings, and the claim does not rely on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim are not sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the plaintiff guilty of the underlying offense.

46757

*TWENTY-FIRST DEFENSE*

The plaintiff's injuries and/or damages were caused by his own negligent acts or failure to act and therefore this action is barred by the provisions of Mass. General Laws, ch. 231, §85.

*TWENTY-SECOND DEFENSE*

The Complaint should be dismissed due to insufficiency of process and/or insufficiency of service of process.

*TWENTY-THIRD DEFENSE*

The injury to plaintiff, if any, was caused by an act or omission of a third party other than an employee or agent of the defendants.

**WHEREFORE**, the Defendants request this Honorable Court to enter judgment in their favor and award their costs.

Respectfully submitted,

**DEFENDANTS SPRINGFIELD POLICE OFFICERS, SGT. TARDIFF, OFFICER PETRIE, OFFICER DOWD, OFFICER GRANDE, OFFICER BIGDA, OFFICER HACKETT, OFFICER WADLEGGER, OFFICER SOLAR, JOSELITA LOZADA**

By Their Attorney

_____
Edward M. Pikula
Associate City Solicitor
BBO #399770
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone: (413) 787-6085
Telefax: (413) 787-6173

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the within Document was this day served upon Plaintiff by mailing same, first class postage prepaid, to:

Jamie Negron, Jr. Pro Se
629 Randall Road
Ludlow, MA 01056

SIGNED under the pains and penalties of perjury.
Dated: March 29, 2005

Edward M. Pikula, Esquire
*Attorney for Defendants*

46757